IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:18CR225 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| JARED J. DAVIS, | ) | APPLICATION FOR PROTECTIVE |
| | ) | ORDER |
| Defendant. | ) | |

NOW COMES the United States, through the undersigned counsel, and pursuant to Criminal Rule of Procedure (16)(d)(1), applies to this Court for a Protective Order to restrict access to discovery materials. As grounds, the Government asserts as follows:

Most of the discovery in this case will be provided in digital format. At different stages of the case, the defense will be provided with compact discs or DVDs that contain scanned or electronic records. These discovery disbursements will include affidavits in support of search warrants, applications for search warrants, investigative reports, emails, grand jury transcripts, interview reports, and subpoenaed documents. In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. In light of the personally-identifying information included in the discovery, dissemination of the information could lead to severe consequences for individuals, such as identify theft. Indeed, Federal Rule of

Criminal Procedure 49.1(a) recognizes the sensitive nature of personally-identifying information by requiring parties to redact it from court filings.

The dissemination of discovery, including affidavits in support of search warrants, emails, records containing personal identifiers and financial information, and Jencks Act materials, may jeopardize the privacy and safety of the victims and witnesses and impede the due administration of justice. The Government, moreover, continues to investigate the unindicted co-conspirators in this case, specifically SpotOption and its activities as described in numerous paragraphs of the indictment. To protect those investigative efforts, the Court should restrict the disclosure of any discovery in this case to SpotOption, its counsel (Ifrah Law PLLC), and any other owner, director, officer, agent, or employee of SpotOption. Victim-witness privacy, moreover, is an appropriate consideration in deciding the need for a Rule 16 protective order. See, e.g., *United States v. Carriles*, 654 F. Supp. 2d 557 (W.D. Tex. 2009). Accordingly, the restriction of discovery information is required to ensure the safety of victims/witnesses, protect the personal information of individuals involved in the case, preserve the integrity of the discovery process, and serve the ends of justice.

The Government proposes that the following procedures be implemented in order to ensure the safety of victims/witnesses, protect the personal information of individuals, and preserve the integrity of the discovery process while protecting the rights of the Defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense.

(1) The Defendant and Counsel for the Defendant are prohibited from disclosing in any way and in any form the discovery material and/or its content produced by the Government in this case to SpotOption, its counsel (including but not limited to Ifrah Law PLLC), and any other

owner, director, officer, agent, intermediary, or employee of SpotOption or its counsel. This prohibition applies regardless of whether the discovery is marked "Protected Material."

(2) Counsel for the Government will clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc or DVD is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc or DVD.

(3) Items marked "Protected Material," which are disclosed to defendant's counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsel's representatives, agents, and staff.

(4) Counsel for Defendant may copy "Protected Material" and provide the copy, electronic or otherwise, of the "Protected Material" for the purpose of sharing the material with defense counsel's representatives, agents, and staff.

(5) The Defendant may not photocopy, photograph, or make any copy, electronic or otherwise, of the "Protected Material" discovery items.

(6) It is ordered that if the Defendant is in possession of a copy of "Protected Material," then the Defendant must maintain that copy in a secure location.

(7) The Defendant is prohibited from providing access to "Protected Material" discovery to any person except under the terms set forth in the Order.

(8) Counsel for Defendant herein is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

For these reasons, the Government respectfully requests that this Court grant its application and issue a Protective Order restricting access to discovery materials except as set forth in this Court's Order.

Respectfully submitted,

DAVID A SIERLEJA
First Assistant United States Attorney

By: /s/ Gene Crawford
Gene Crawford (Reg. No. 0076280)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604
Tel.: (419) 259-6376
Fax: (419) 259-6360
Gene.Crawford@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of June a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                      /s/ Gene Crawford
                                      Gene Crawford
                                      Assistant U.S. Attorney