IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                     Case No. 3:18 CR 225

                Plaintiff,           O R D E R

       -vs-                                JUDGE JACK ZOUHARY

Jared J. Davis,

                Defendant.

      Defendant moves for relief from prejudicial joinder (Doc. 61); and dismissal of Counts 1 through 12 of the Indictment or, alternatively, for a bill of particulars (Doc. 63). The Government opposes (Doc. 66). This Court held a hearing on June 18, 2020 (Doc. 67), during which Defendant requested this Court hold in abeyance ruling on the latter filing while discussions with the Government continue.

      Regarding the first Motion, Defendant wishes to sever the wire fraud conspiracy and wire fraud counts (Counts 1 through 12) from the remaining counts in the Superseding Indictment (Doc. 31). The other counts in the Indictment deal with money laundering (Counts 13 through 17), obstruction of justice (Counts 18–19), and tax evasion (Counts 20–22).

      Federal Criminal Rule 8(a) permits joinder of multiple offenses that are "the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This Rule is quite broad. Because the evidence underlying these four groups of charges is a consistent thread emanating from Defendant's alleged binary options scheme,

joinder is proper under Rule 8(a). *See, e.g.*, *United States v. Annamalai*, 939 F.3d 1216, 1223 (11th Circ. 2019) (finding joinder of fraud, tax fraud, bankruptcy, money laundering, and obstruction charges appropriate where all "claims arose out of and were connected to the same general fraudulent scheme").

To demonstrate that severance is appropriate under Federal Criminal Rule 14, "[t]he movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *See United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). This Court, in its discretion, finds Defendant has not done so. *See id.* ("The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.") (citation omitted). *See also United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985) (noting that establishing an abuse of discretion requires "a strong showing of prejudice"). Defendant makes two arguments for why these counts should not be joined -- prejudice and judicial economy (Doc. 66 at 11–15). The Government successfully rebuts both.

First, severance would not promote judicial efficiency -- a single trial would. Slam dunk. *See United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) ("Judicial economy [] dictates that multiple counts with overlapping proof of a common scheme to defraud be joined together.") (citation omitted). Separate trials also would require duplication of evidence. "To require the government to put on a separate trial to prove each [] offense, where the evidence of those counts is intertwined, would violate the spirit of Rule 8(a), which is to 'promote the goals of trial convenience and judicial efficiency.'" *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)). *See also United States v. Bibby*, 752 F.2d 1116, 1121 (6th Cir. 1985) ("It is appropriate to combine tax charges against one defendant with fraud

charges against that same defendant . . . . Failure to report the income from an illegal activity is an act which does arise directly out of the common enterprise because concealment of ill-gotten gain is an integral part of assuring the success of that illegal activity.").

Second, a combined trial would not create a prejudicial spillover of evidence. *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir.1985) ("Absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance."). Defendant maintains there is a "danger of confusing the jury and prejudicing [Defendant's] right to a fair trial" due to the many documents and financial transactions (Doc. 61 at 10). But it is the lawyer's job to explain the evidence and educate the jury. Jurors are well-suited to assess credibility, differentiate documents and legal counts, and arrive at verdicts that reflect an understanding of the evidence -- even in cases with multiple counts.

Further, this Court finds no prejudice from the Bank Polski statement or other documents, as Defendant suggests. Nor is there a realistic danger that a jury may "unfairly infer -- without listening to the evidence -- that a person who is in possession of the amount of money alleged in this matter must be guilty of some crime" (Doc. 61 at 11). Voir Dire during jury selection, and the jury charge, are designed to keep the jury from wandering off the path. *See, e.g.*, *Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017) (finding no prejudice where "the district court clarified during the reading of the indictment and jury instruction that the jury must consider each charge separately").

Indeed, the arguments advanced by Defendant would lead one to incorrectly conclude that there could be no cases involving multiple counts or multiple defendants. *See, e.g.*, *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990) (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). Here, we have only one defendant -- making the jury's task easier. Also, considering this

3

Court's history of encouraging jury attention during trial, there is no "significant risk" that the evidence "would blur together, causing the jury to become confused" (Doc. 61 at 14). Fears that "[the] jury may be unable to separate or properly apply the evidence" are similarly unfounded (Doc. 61 at 13). *See United States v. Willis*, 232 F. App'x 527, 533 (6th Cir. 2007) ("A difference in the quantum of evidence as to the [different] counts is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence produced on each count.") (citation omitted).

In sum, this Court concludes the counts are properly joined under Rule 8(a) and there is no prejudice to Defendant which would require severance under Rule 14(a). The Motion (Doc. 61) is denied.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                June 24, 2020