IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:18 CR 225 |
|                 Plaintiff, | ORDER DENYING |
| | MOTION TO DISMISS |
|     -vs- | |
| | JUDGE JACK ZOUHARY |
| Jared J. Davis, | |
|                 Defendant. | |

Defendant filed a Motion to Dismiss Counts 1–12 of the Indictment or, alternatively, requested a Bill of Particulars (Doc. 63).  The Government opposed across the board (Doc. 66). Defendant later withdrew his request for a Bill of Particulars (Doc. 67), and suggested this Court delay ruling on the dismissal to allow an opportunity for further discussion with the Government.

At this Court's most recent Status Conference, defense counsel indicated the pending Motion to Dismiss was now ripe for a decision (Non-Doc. Entry 1/12/2021).

Defendant makes several arguments in support of his Motion.  First, he argues Counts 1–12 are unconstitutionally vague because the Indictment "fails to identify the factual particulars of false representations that are at the core of the wire fraud offenses, . . . [and instead] broadly refers to 'the scheme and artifice to defraud'" (Doc. 63 at 12).  However, as the Government points out, the Indictment need not include specific statements (Doc. 66 at 3) (citing *United States v. Stull*, 743 F.2d 439, n.2 (6th Cir. 1984) ("It is well established that proof of every allegation is not required in order to convict; the [G]overnment need only prove that the scheme to defraud existed.")).  The Sixth Circuit has outlined that "[a]n indictment is sufficient if it contains the elements of the charged offense and thereby informs the defendant of the charges against him."  *United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015).  It need only "be specific enough to allow him to plead an acquittal or conviction

as a bar to future prosecutions for the same offense." *Id.* The allegations contained in the Indictment are more than sufficient to meet this standard (*see* Doc. 31 at ¶¶ 31–44).

Defendant next argues that "[t]he Indictment fails to allege any facts establishing that Mr. Davis owed a duty to disclose information to individuals as is necessary to support a fraud-by-omission theory" (Doc. 63 at 14). The Government counters this argument as well. The Indictment does not merely allege Defendant failed to disclose material information; it alleges he made "affirmative representations" that were "half-truth[s]" when he advertised his scheme as "an investment in binary options" without disclosing that he would be the one taking the opposite side of the investors' trades (Docs. 66 at 5–6; 31 at ¶¶ 7, 15–18).

Finally, Defendant asserts that the Indictment is insufficient because it does not allege he specifically intended to commit fraud, and because it fails to allege specific misstatements that are "material" (Doc. 63 at 20, 26). However, "an indictment is not fatally insufficient for its failure to allege the[] elements [verbatim], if the facts alleged in the indictment warrant the inference of such elements, i.e., materiality and intent to defraud." *United States v. McAuliffe*, 490 F.3d 526, 531–32 (6th Cir. 2007). The Government correctly identifies several intentional, fraudulent acts set forth in the Indictment, and further explains why those acts are "material" (Doc. 66 at 7–8).

After careful consideration, this Court finds the Government's rebuttal of each of Defendant's arguments to be both succinct and persuasive. For those reasons set forth above, and with nothing more to add, the pending Motion (Doc. 63) is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 25, 2021

2